UNITED STATES of America

v.

158.24 ACRES OF LAND, MORE OR LESS, situated IN BEE COUNTY, TEXAS, and R. J. Welder, Jr., et al.

Civ. A. No. 70-C-234.

United States District Court,
S. D. Texas,
Corpus Christi Division.

March 26, 1974.

Winston P. Crowder, Asst. U. S. Atty. Acting Chief, Lands Div., Houston, Tex., for plaintiff.

Allen Wood, Wood, Burney, Nesbitt & Ryan, Corpus Christi, Tex., Harry J. Schulz, Three Rivers, Tex., for defendant Welder.

William B. Moser, Jr., County Atty., Beeville, Tex., for defendant Lulan Fraser.

MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

The United States exercised its power of eminent domain to acquire (1) fee simple title to 26.556 acres of land, (2) an easement restricting the use of 131.31 acres, and (3) an easement for road purposes of 0.38 acres. The land taken is part of a larger tract of land of approximately 3,550 acres under one ownership, and located adjacent to the United States Naval Air Station, Chase Field, Beeville, Texas. The land taken in fee is to be used for a radio guidance transmitter, and the restrictive easement is for buffer purposes necessitated by the electrical equipment to be installed.

The United States has filed a motion requesting the Court to determine, in advance of the jury trial, the proper appraisal approach to value the land. It is clear that under Rule 71A(h), the Court has the power to decide all legal and factual issues here involved, except for the narrow issue of just compensation. United States v. Reynolds, 397 U.S. 14, 90 S.Ct. 803, 25 L.Ed.2d 12 (1970). The United States contends that this is a "partial taking" and the proper appraisal approach is simply the fair-market value of the entire 3,550-acre tract immediately prior to the taking, less the

fair-market value of the remaining estate immediately after the taking. Defendant R. J. Welder, Jr., being the landowner, says, first, that the estate remaining after the taking is neither benefitted nor damaged by the partial taking, and thus renounces any claim to "severance damages."[1] The landowner then argues that the proper appraisal approach is: (1) as to the land taken in fee, its fair-market value as a separate tract of land on the date of the taking, (2) as to the easements, the difference in the fair-market value of the servient tract immediately before and after the taking of the easements. The landowner correctly states that this would be the same rule if there were no remaining tract, and then argues that the same rule should apply when there is neither benefit nor damage to the remainder.

The dispute between the parties as to appraisal approach can be distilled to a dispute as to whether the fee taking of the 26.556 acres is actually a partial taking of a larger 3,500-acre tract or a complete taking of a separate 26.556-acre tract which is adjacent to said larger tract. A similar dispute was involved in United States v. 105.40 Acres of Land, 471 F.2d 207, 212 (7th Cir. 1972). The appellate court remanded the case to the district judge for him to "decide the factual question whether the condemned parcels here were an integral part of the 1,939 acres, or were functionally separate parcels." The Court made it clear that the deciding factor in this factual issue would be the highest and best use of the condemned tract. An Illinois court correctly stated the issue as follows:

"Where the property taken is less than an entire tract, other considerations arise. The highest and best use of the part taken may be as a separate and distinct piece of property unrelated to the entire property endowing such part with a fair cash market value. On the other hand, the highest and best use of the part taken may be so related to the entire property that the value of the part taken for its highest and best use is dependent upon the value of the entire tract. Such relation or dependence may present an issue of fact and each party is entitled to present his theory of independent or dependent valuation." Department of Public Works and Buildings v. Oberlaender, 92 Ill.App. 2d 174, 235 N.E.2d 3 (1968).

The government insists the highest and best use of the 26.556 acres is as ranch land; the same use to which the 3,500-acre tract has been put for many years. The landowner contends the highest and best use of these 26.556 acres is as rural homesites or "ranchettes." The Court will hear evidence on this factual dispute prior to the jury trial on the issue of just compensation. Based on its factual determinations, the Court will decide the correct appraisal approach.

It is hereby ordered that the United States' motion requesting the Court to determine the proper appraisal approach prior to trial is granted. It is so ordered. This case will be called for trial on Wednesday, April 3, 1974, at 9:00 o'clock a. m., for the purpose of determining the proper appraisal approach, and immediately after that decision is made, the trial as to just compensation will commence. A jury will be available. It is so ordered.

It is also the opinion of the Court that the motion in limine and, in the alternative, for continuance, filed by the government herein, should be denied; and that the government's motion for order compelling discovery should be denied. It is so ordered.

---

1. Severance damages is the term used to describe the loss of value of a remaining tract by reason of the taking of a part of the original tract of land.